UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA TODD WOOLRIDGE, | ) NO. EDCV 11-752-R (MAN) |
| Petitioner, | ) |
| v. | ) ORDER DISMISSING PETITION |
| | ) AS SECOND OR SUCCESSIVE |
| WARDEN M.D. BITER, | ) AND DENYING A CERTIFICATE |
| | ) OF APPEALABILITY |
| Respondent. | ) |

On May 11, 2011, Petitioner, a California state prisoner, filed a habeas petition, pursuant to 28 U.S.C. § 2254 ("Petition"). The Petition is the fourth attempt by Petitioner to seek Section 2254 relief in connection with his 2005 state court conviction and sentence (the "Conviction").

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, a habeas petition filed by a prisoner in state custody "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C. foll. § 2254. For the reasons set forth below, the Petition must be summarily

dismissed, pursuant to 28 U.S.C. § 2244(b) and Rule 4, because it is second or successive.

**BACKGROUND**

On November 9, 2007, Petitioner filed a habeas petition in this district that was assigned Case No. EDCV 07-1482-R (MAN) (the "First Action"). On September 10, 2008, Petitioner filed a second Section 2254 habeas petition stemming from the Conviction, which was assigned Case No. EDCV 08-1237-R (MAN). The second petition raised two claims attacking a restitution fine imposed in connection with the Conviction. On November 24, 2008, the Court ordered that the second petition be construed as a motion to amend the First Action Petition, and the separate second petition action was dismissed. On April 9, 2009, Petitioner submitted a third Section 2254 petition stemming from the Conviction, which alleged five claims. The third petition also was construed as a motion to amend the First Action petition. Accordingly, as so amended, the First Action petition was deemed to include all 16 claims alleged in the three Section 2254 petitions submitted by Petitioner arising from the Conviction.

The First Action was resolved on the merits, and habeas relief was denied by Judgment entered on May 18, 2010. Petitioner appealed to the United States Court of Appeals for the Ninth Circuit, and a certificate of appealability was denied on July 30, 2010 (Case No. 10-56078).[1]

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the files for Petitioner's actions filed in this district, as well as the dockets for the Ninth Circuit available

2

On August 6, 2010, Petitioner filed an application in the Ninth Circuit for leave to file a second or successive petition (Case No. 10-72423). In his application, Petitioner indicated that he wished to raise a claim attacking the Conviction on the ground that, in violation of the Sixth and Fourteenth Amendments, the state trial court failed to "impose the proper jury instructions" and, thus, prejudiced Petitioner. On October 18, 2010, the Ninth Circuit denied the application.

The instant Petition raises a single claim. Petitioner contends that the trial court violated the Sixth and Fourteenth Amendments by failing to instruct the jury on a lesser included offense with respect to the first count alleged against Petitioner and, thus, prejudiced him. (Petition at 5.)

**DISCUSSION**

State habeas petitioners generally may file only one federal habeas petition challenging a particular state conviction and/or sentence. *See, e.g.,* 28 U.S.C. § 2244(b)(1) (courts must dismiss a claim presented in second or successive petition when that claim was presented in a prior petition) and § 2244(b)(2) (with several exceptions discussed *infra*, courts must dismiss a claim presented in a second or successive petition when that claim was not presented in a prior petition). "A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier Section 2254 petition. McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009).

---

electronically through the PACER system.

In those instances when Section 2244(b) provides a basis for pursuing a second or successive Section 2254 habeas petition (described *infra*), state habeas petitioners seeking relief in this district court must <u>first</u> obtain authorization from the Ninth Circuit before filing any such second or successive petition. 28 U.S.C. § 2244(b)(3). The Ninth Circuit "may authorize the filing of the second or successive [petition] only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2242(b)(2)." <u>Burton v. Stewart</u>, 549 U.S. 147, 153, 127 S. Ct. 793, 796 (2007).

In the First Action, Petitioner sought Section 2254 relief based on the same Conviction challenged here, and his 16 habeas claims were resolved adversely to him on their merits. Accordingly, the current Petition is second or successive within the meaning of Section 2244(b). Critically, the Ninth Circuit has denied Petitioner permission to bring this successive Petition. In its October 18, 2010 Order, the Ninth Circuit expressly found that Petitioner had failed to satisfy the requirements for obtaining leave to file a second or successive petition. *See* 28 U.S.C. § 2244(b)(2)(A)(B) and (3)(C); <u>McNabb</u>, 576 F.3d at 1030.[2]

As Petitioner has not obtained permission from the Ninth Circuit to bring a second or successive petition, the instant Petition must be dismissed, because this Court lacks jurisdiction to consider it. 28 U.S.C. § 2244(b); *see also* <u>Burton</u>, 549 U.S. at 157, 127 S. Ct. at 799 (district court lacks jurisdiction to consider the merits of a second or

---

[2] In addition, the instant Petition appears to be substantially untimely.

4

successive petition absent prior authorization from the circuit court). Accordingly, IT IS ORDERED that: the Petition is DISMISSED; and Judgment shall be entered dismissing this action without prejudice.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. *See* 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000). The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

DATED: May 23, 2011 .

MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE